M'Donald et al. v. Fisher et al.

settlement of the matter in demand agreeably to the minds of the parties.

Judgment was, therefore, affirmed.

---

## M'DONALD ET AL. V. FISHER AND BALDWIN.

ERROR from the Court of Common Pleas, upon a bill of exceptions. The plaintiffs in error brought their action of trover, against Fisher and Baldwin, to the Court of Common Pleas.— The general issue was pleaded, and closed to the court; and after a hearing, judgment was for the defendants.— The points of controversy in the case were questions in law, arising from the facts.—After judgment, ·the plaintiffs tendered a bill of exceptions, stating the case, as it appeared in evidence, which was certified by the judge.—Upon this bill of exceptions, writ of error was brought, and abatement pleaded, upon the principle, that a bill of exceptions, bringing up the whole matter in controversy, after trial upon the general issue, can be no legal foundation for a writ of error.

Mr. Tracy, for the defendants in error, cited Buller's *Nisi Prius*, page 310, which authority, he contended, contained the whole of the English law upon the subject of bills of exceptions: That upon the principles there laid down, a bill of exceptions is never admitted to draw the whole matter into examination again, but only a single point. It would be of dangerous tendency to submit the whole cause to the memory of the judge, who is to certify the bill; and it might

be made use of to remove cases from the lower courts to the Superior Court, which are not by law appealable, and would defeat the wise intention of the statute regulating appeals:— That the practice was novel in this state, and had not received an adjudication of court upon it: That the first instance of a bill of exceptions being introduced in this manner, was in the case of Bradley and others v. Camp *(ante* 77) there it passed *sub silentio.* So that no authority can be derived from the cases in which it has been permitted; and the practice is pregnant with many evils. If it be established in this case, the principle will extend it to every trial which depends on facts; and there may be great difficulty in stating the evidence, as it might strike the minds of the triers. Numberless circumstances may attend a cause, which would influence the decision, but cannot be stated in a bill of exceptions. The mode of giving testimony, often destroys the credit:— That the practice, therefore, cannot with safety be admitted.

Mr. Reeve, on the other side, urged the importance of uniformity of decision upon all questions of law, from the lowest courts to the highest: That whenever a cause turned upon a mere question of law, it was immaterial whether the facts from which it arose were conceded by the pleadings, or established by evidence; if the determination was not conformable to law, it was equally necessary that it should be carried up, and corrected: That the statute allowing appeals was not provided to correct errors in point of law, but to afford the parties the opportunity of a more ample defense, where they apprehend themselves to have been deficient. A writ of error is the remedy against all erroneous judgments

in point of law, and it ought ever to be sustained where that appears. Where the evidence is of such a nature, that it can be demurred to, causes may be removed; but where the evidence cannot be demurred to, and the jury neglect to find a special verdict, bills of exceptions have been found necessary. Many precedents might be cited from the English books of authority, to this purpose — See Cowper, 160, Moyston v. Fabrigas; 1 Blackstone's Rep. 555, Money v. Leach; Douglass, 336, Blaquier v. Hawkins.— The case of Bradley and others against Camp, although it passed *sub silentio*, will serve to illustrate this position, that bills of exceptions, in cases like this, are necessary for the furtherance of justice. In that case, the only dispute concerned questions of law, which arose from the facts conceded and proved at the trial; and there would have been no remedy against the erroneous decision of the Court of Common Pleas; but upon the case being removed by bill of exceptions, the judgment was unanimously reversed. There would have been a failure of justice in that case, as well as a precedent for erroneous principles, if the practice now contended for had not been permitted: — That, though it is laid down in the English books of authority, that the bill of exceptions must be confined to a single point, no more is intended, than that there is to be no further dispute about facts, but the case must be brought to a point; the point may arise from many facts taken together, all which must be stated in the bill. It cannot include any controverted facts, but merely the law arising from such as are proved or agreed. Where the controversy is about the facts, there can be no bill of exceptions.

Mr. Adams, for the defendants in error, contended — That bills of exceptions in this loose manner, were of very

McDonald et al. v. Fisher et al.

dangerous tendency; for that it might subject a cause to a second trial, upon a partial stating: That the party who tenders the bill will always make it most favorable to himself, and the memory of the judge may not be sufficient to correct him; and the judge must not be left to his option, whether to certify the bill or not, but he must be compelled, or the practice would defeat itself: And that the judge must also certify that the facts stated in the bill were proved, not that it was testified, or given in evidence: That the jury might find facts proved one way, and the court be of opinion, that they were proved the other way, and a bill of exceptions be tendered, to remove the cause from the verdict of the jury. If the court should certify that bill, the trial by jury would be rendered totally useless. But if a practice of this kind be expedient, it requires a statute to authorize it, and to define and limit its extent. In England, bills of exceptions were introduced and regulated by statute. If the practice here introduced is founded on that statute, it cannot be carried to the extent now contended for. The case of Moyston v. Fabrigas, cited on the other side, does not compare with this: In that, and every other case from the books, the facts stated were agreed, and the questions arising were mere questions of law, and confined to a single point; but, by the bill under consideration, there is an attempt to state all the evidence on both sides, and carry the case up in gross. This evidently may subject a cause to be finally decided upon an imperfect stating; minute and undescribable circumstances, may weigh in the scale of justice, and totally change the complexion of a cause.

That this bill of exceptions was unsupportable by the English authorities, on another ground; for that it ought to have been taken at the trial, and not deferred till afterward; and that no bill of exceptions ought ever to be allowed, unless tendered at the time of trial.—And to this point he cited, 1 Salkeld, 288, Wright v. Sharp; 1 Bacon's Abrid. 326;—Buller's *Nisi Prius*, tit. Bill of Exceptions.

The plea in abatement adjudged sufficient.